# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE LUIS TORRES,<br>        **Petitioner,**<br>v.<br>KEVIN KAUFFMAN, *et al.*,<br>        **Respondents.** | CIVIL ACTION NO. 5:15-02703 |

## ORDER

Petitioner, who is proceeding *pro se*, seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. Petitioner is a Pennsylvania state prisoner currently serving an aggregate sentence of 12½ to 25 years after pleading guilty to multiple counts of burglary and one count each of persons not to possess firearms and resisting arrest. The Petition was referred to Magistrate Judge Henry S. Perkin, who has issued a Report and Recommendation ("R&R") that the petition be denied. Petitioner has filed objections to the R&R. After careful, *de novo* review of the record, the Court determines that Petitioner has not shown entitlement to relief, and agrees with the thorough R&R that Petitioner has failed to meet the standard for obtaining relief.

**I.**    **BACKGROUND**[1]

Between June 2010 and May 2011, Petitioner committed a series of ten burglaries in Lehigh County and neighboring jurisdictions. On July 28, 2011, the Commonwealth filed three criminal informations that charged Petitioner with the following offenses (collectively, the "2011 cases"):

---

[1] Unless otherwise noted, the background is primarily drawn from the Report and Recommendation.

CP-39-2821-2011

    Count 1 – Persons not to possess firearms, 18 Pa.C.S.A. § 6015(a)(1) [nolle pros].

CP-39-2822-2011

    Count 1 – Receiving stolen property, 18 Pa.C.S.A. § 3925(a) [withdrawn].
    Count 2 – Persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1) [guilty plea].
    Count 3 – Firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1) [withdrawn].

CP-39-CR-2828-2011

    Count 1 – Aggravated assault, 18 Pa.C.S.A. § 2702(a)(3) [withdrawn].
    Count 2 – Reckless Endangering Another Person, 18 Pa.C.S.A. § 2705 [withdrawn].
    Count 3 – Resisting Arrest, 18 Pa.C.S.A. § 5104 [nolo contendere].

    On February 14, 2012, the Commonwealth filed three additional criminal informations against Petitioner (collectively, the "2012 cases") that charged as follows:

CP-39-CR-282-2012

    Count 1 – Burglary, 18 Pa.C.S.A. § 3502(a) [guilty plea].
    Count 2 – Criminal Trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii) [withdrawn].
    Count 3 – Theft by unlawful taking, 18 Pa.C.S.A. § 3921(a) [withdrawn].
    Count 4 – Receiving stolen property, 18 Pa.C.S.A. § 3925(a) [withdrawn].
    Count 5 – Criminal mischief, 18 Pa.C.S.A. § 3304(a)(5) [withdrawn].

CP-39-CR-289-2012

    Counts 1, 7, 13, 19, 25, 33, 39 – Burglary, 18 Pa.C.S.A. § 3502(a) [guilty plea].
    Counts 2, 8, 14, 20, 26, 34, 40 – Criminal Trespass, 18 Pa.C.S.A. §3503(a)(1)(ii) [withdrawn].
    Count 3, 9, 15, 21, 27, 35, 41 – Theft by unlawful taking, 18 Pa.C.S.A. §3921(a) [withdrawn].
    Counts 4, 10, 16, 22, 28, 36, 42 – Receiving stolen property, 18 Pa.C.S.A.2 [withdrawn]
    Counts 5, 11, 17, 23, 29, 37, 43 – Criminal mischief, 18 Pa.C.S.A. §3304(a)(5) [withdrawn].
    Counts 6, 12, 18, 24, 30, 38, 54 – Conspiracy to commit burglary, 18 Pa.C.S.A. § 903(a), 3502(a) [guilty plea].
    Counts 31, 32, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 – Person not to possess, 18 Pa.C.S.A. § 6105(a)(1) [withdrawn].

CP-39-CR-3824-2012

Counts 1 and 2 – Burglary, 18 Pa.C.S.A. § 3502(a) [guilty plea].

On February 27, 2012, pursuant to a negotiated plea agreement, Petitioner resolved the 2011 cases by pleading guilty to persons not to possess in case no. 2822/2011 and entered a nolo contendere plea to resisting arrest in case no. 2828/2011. In exchange for these guilty pleas, the Commonwealth agreed to nolle pros case no. 2821/2011 and further agreed not to pursue the other charges alleged in case nos. 2822/2011 and 2828/2011. The trial court imposed the agreed-upon sentence of five to ten years of incarceration for Petitioner's persons not to possess conviction for case no. 2822/2011, and a concurrent sentence of one to two years of imprisonment for the resisting arrest charge in case no. 2828/2011. During the hearing, Petitioner acknowledged that the 2012 cases were still pending.

Petitioner resolved the 2012 cases by entering a separate negotiated plea agreement with the Commonwealth on September 10, 2012. At the September 10, 2012 plea hearing, Petitioner pled guilty to ten counts of burglary and one count of criminal conspiracy to commit burglary. In exchange for Petitioner's guilty pleas, the Commonwealth withdrew the remaining charges at case nos. 282/2012 and 289/2012. In addition, the trial court sentenced Petitioner to serve the agreed-upon disposition of seven and one-half to 15 years on each of the burglary and conspiracy charges, concurrent to each other but consecutive to the sentence imposed on February 27, 2012. Thus, the aggregate sentence for Petitioner's 2011 and 2012 cases was 12½ to 25 years in prison.

## II. DISCUSSION

Petitioner argues that his trial counsel was ineffective for failing to prevent him from being placed in double jeopardy in violation of the Fifth Amendment to the United States Constitution. The R&R determined that these claims were procedurally defaulted and there was no basis for excusing the default.

3

Petitioner concedes in his Objections that these double jeopardy claims were procedurally defaulted.[2] Thus, to obtain *habeas* relief based on these claims, Petitioner argues that 1) his prosecutions were in violation of the Double Jeopardy Clause of the Fifth Amendment; 2) his trial counsel's failure to advise him of any double jeopardy concerns or to object to the prosecutions constituted ineffective assistance of counsel; and 3) based on *Martinez v. Ryan*,[3] the procedural default should be excused because Petitioner's counsel at the first collateral proceeding provided ineffective assistance by not raising a claim that Petitioner's trial counsel was ineffective.

As will be explained, Petitioner's claims fail because he was never placed in jeopardy for any of the three prosecutions he challenges. Moreover, even if the constitutional prohibition of double jeopardy were implicated by Petitioner's prosecutions, trial counsel's performance was not constitutionally deficient.

**A. Double Jeopardy**

Petitioner's Objections specifically reference three sets of charges which he alleges raise double jeopardy concerns. The first set are Count 1 on Docket CP-39-2821-2011 [nolle pros] of the 2011 cases and Count 45 on Docket CP-39-CR-289-2012 [withdrawn] of the 2012 cases. Both counts are for persons not to possess firearms in violation of 18 Pa.C.S.A § 6105(a)(1) and Petitioner asserts that both are for possession of the same Glock Model 23, 40 caliber pistol.

The second set are Count 2 on Docket CP-39-2822-2011 [guilty plea] from the 2011 cases and Count 31 on Docket CP-39-CR-289-2012 [withdrawn] from the 2012 cases. Again,

---

[2] *See* Doc. No. 32, p. 1-2. For purposes of this Order, the Court will assume without deciding that the claims were procedurally defaulted. Regardless, as will be explained, even if the procedural default were excused, Petitioner's double jeopardy claims are without merit.

[3] 566 U.S. 1 (2012).

4

both counts are for persons not to possess firearms in violation of 18 Pa.C.S.A. § 6105(a)(1) and Petitioner asserts that both are for possession of the same Smith & Wesson, 9mm pistol.

The third set are Count 1 on Docket CP-39-CR-2822-2011 [withdrawn] of the 2011 cases and Count 28 on Docket CP-39-CR-289-2012 [withdrawn] of the 2012 cases. Both counts are for receiving stolen property in violation of 18 Pa.C.S.A. § 3925(a) and Petitioner alleges that both are for being in receipt of the same Smith & Wesson, 9mm pistol. From the state of the record, it is unclear whether the 2012 count was for being in receipt of the same gun, another gun, or some other stolen property.

Nevertheless, Petitioner's argument fails for the simple reason that he was never placed in jeopardy as to <u>any</u> of the three 2012 counts at issue. All three counts – Count 28 (Receiving stolen property), Count 31 (Possession of Smith & Wesson), and Count 45 (Possession of Glock) – were withdrawn by the Commonwealth in exchange for Petitioner's guilty plea to ten counts of burglary and one count of criminal conspiracy to commit burglary. In the context of a plea agreement, jeopardy only attaches "with the acceptance of [a] guilty plea."[4] Therefore, since Petitioner never pled guilty to, and was never convicted of, any of the challenged 2012 counts, the Double Jeopardy Clause was not violated.[5]

### B. Ineffective Assistance of Counsel

Even if the second set of prosecutions violated the Double Jeopardy Clause, to overcome procedural default, Petitioner would have to show that his counsel was ineffective. Claims for

---

[4] *United States v. Jerry*, 487 F.2d 600, 606 (3d Cir. 1973); *see also United States v. Coleman,* 677 F. App'x 89, 92 (3d Cir. 2017) (ruling that the withdrawal of a guilty plea by a defendant's motion does not create a double jeopardy bar).

[5] Moreover, Petitioner fails to provide support for the proposition that double jeopardy only permits a single prosecution for possession of a particular gun no matter how many distinct incidents involved that gun. There is no basis in the record to conclude that Petitioner could not be charged for possessing the Glock and Smith & Wesson guns at different times and in different places.

5

ineffectiveness of counsel are governed by *Strickland v. Washington*.[6] Under *Strickland*, counsel is presumed effective and a petitioner must establish that counsel's conduct was so unreasonable that no competent lawyer would have acted similarly, and that counsel has "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[7]

In addition, a petitioner must prove prejudice. The "[t]raditional inquiry for prejudice in the plea context is whether there is a reasonable probability that, but for counsel's errors, the petitioner would have foregone a guilty plea and insisted on trial."[8] The Third Circuit has explained that the Supreme Court has expanded "this inquiry to cover instances in which the deprivation of the right to trial was not the concern, but rather the opportunity to enter a different guilty plea."[9] However, there must "be a showing as to whether the other plea would have been available, accepted by both the petitioner and the court, and, importantly, that the other plea offered 'less severe' terms than the 'judgment and *sentence*' that was in fact imposed."[10]

As explained above, double jeopardy was not implicated with regard to any of the counts that Petitioner challenges. Therefore, counsel did not act unreasonably in failing to object to the 2012 cases on double jeopardy grounds. Moreover, even if counsel had been ineffective, Petitioner did not suffer any prejudice. The 2012 cases comprised 61 separate counts. Petitioner resolved these 61 counts by entering into a plea agreement in which he pled guilty to ten counts of burglary and one count of criminal conspiracy to commit burglary. In return, the

---

[6] 466 U.S. 668 (1984).

[7] *Id.* at 687.

[8] *Velazquez v. Superintendent Fayette SCI*, -- F.3d --, 2019 WL 4147986, at *9 (3d Cir. Sept. 3, 2019) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[9] *Id.*

[10] *Id.* (quoting *Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012) (emphasis in *Velazquez*).

Commonwealth withdrew the other 50 counts and pursuant to the parties' plea agreement, the court sentenced Petitioner to serve seven and one-half to 15 years on each of the charges to run concurrent to each other.

Had counsel raised the double jeopardy issue, and had the court ruled in Petitioner's favor on each of the claims and dismissed all three counts, Petitioner still would have been charged with 58 counts. Even without the counts that Petitioner alleges violated double jeopardy, Petitioner was still facing another 10 counts of possession and another 6 counts of receiving stolen property. Petitioner has not made any showing in his papers that had trial counsel raised the double jeopardy issue, the Commonwealth would have made another plea available that offered "less severe" terms.[11] Therefore, Petitioner cannot show that he suffered any prejudice due to counsel not objecting to the 2012 cases on double jeopardy grounds.

Therefore, Petitioner has shown neither a violation of the Double Jeopardy Clause nor ineffective assistance of counsel. Accordingly, Petitioner's counsel at the first collateral proceeding was likewise not ineffective for failing to make an ineffective assistance of counsel claim based on the failure to raise a double jeopardy claim. Therefore, the *Martinez* exception to procedural default is inapplicable here and there is no basis to excuse the procedural default.

**AND NOW**, this 12th day of September 2019, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the R&R of United States Magistrate Judge Henry S. Perkin, and the objections thereto, and for the reasons stated above, it is hereby **ORDERED** that

1. The Objections [Doc. No. 32] are **OVERRULED**;
2. The R&R [Doc. No. 26] is **APPROVED AND ADOPTED**;

---

[11] *Id.* (internal quotation marks and citations omitted).

3. The Petition will be dismissed by separate Order.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**